UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Artisan & Truckers Casualty Co.,                              Case No.  3:17-cv-2399

                    Plaintiff,

        v.                                                                      ORDER


Meredith A. Miller, *et al.*,

                    Defendants.


        Defendants and Crossclaim Plaintiffs, Barry M. Creagan, Jr. & Lauren M. Creagan, as natural

parents and co-administrators of the Estate of M.C. and Barry M. Creagan, Jr. & Lauren M. Creagan,

as natural parents of J.C., Minor and Barry M. Creagan, Jr. by assignment from Kirsch

Transportation Services, Inc. (collectively "Kirsch"), have filed a motion for summary judgment on

its counterclaim.  (Doc. No. 98).  Kirsch seeks a declaratory judgment "declaring the rights and

obligations of Artisan[ & Truckers Casualty Co.], Natex[ Group, Inc.], and Kirsch as follows:

> There is no coverage afforded under the Artisan Policy's Auto Coverage Part for the
> Final Judgment issued in the consolidated cases *Barry M. Creagan, Jr., et al. v Wal-Mart
> Transportation, LLC, et al.* and *Rebecca DeGondea, individually and as the mother and natural
> guardian of her daughter, Lilyana DeGondea, a minor v. Wal-Mart Transportation, LLC, et al.*
> (3:16-cv-02788 and 3:16-cv-02960).

 (Doc. No. 98 at 11).

        No party has filed a response to Kirsch's motion, and the deadline to do so has passed.  *See*

Loc. R. 7.1.  A party failing to respond to a dispositive motion waives opposition to that motion.  *See*

*Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (citing *Humphrey v. U.S. Att'y*

*Gen.'s Off.,* 279 F. App'x 328, 331 (6th Cir. 2008) and *Scott v. State of Tenn.,* 878 F.2d 382 (6th Cir.

1989) (unpublished table decision)).

A court "shall grant summary judgment if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  Kirsch asserts summary judgment must be granted on the counterclaim because "the Artisan

Policy, by its plain language, does not cover Kirsch as an insured for any remaining claims or

judgments against it . . . ."  (Doc. No. 98 at 5).

Following my review of the Artisan Policy, (Doc. Nos. 98-1 and 98-2), I agree the plain

language of the Artisan Policy does not provide coverage for Kirsch.  Therefore, I grant Kirsch's

motion for summary judgment, (Doc. No. 98), and conclude as follows:

> There is no coverage afforded under the Artisan Policy's Auto Coverage Part for the
> Final Judgment issued in the consolidated cases *Barry M. Creagan, Jr., et al. v Wal-Mart
> Transportation, LLC, et al.* and *Rebecca DeGondea, individually and as the mother and natural
> guardian of her daughter, Lilyana DeGondea, a minor v. Wal-Mart Transportation, LLC, et al.*
> (3:16-cv-02788 and 3:16-cv-02960).

> So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
